**MUNICIPAL REVENUE SERVICES, INC., Plaintiff,**

v.

**XSPAND, INC., et al., Defendants.**

No. 4:05–CV–671.

United States District Court, M.D. Pennsylvania.

March 14, 2008.

John G. Dean, Elliott Greenleaf & Siedzikowski, P.C., Scranton, PA, John M. Elliott, John P. Elliott, Mark J. Schwemler, Elliott, Greenleaf & Siedzikowski PC, Blue Bell, PA, for Plaintiff.

C. Grainger Bowman, David R. Fine, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Brett O. Feese, PA House of Representatives, Robert L. Knupp, Knupp, Kodak & Imblum, P.C., Harrisburg, PA, Brooke J. McDermott, Ballard Spahr Andrews & Ingersoll, LLP, Thomas W. Dymek, Stradley Ronon Stevens & Young, LLP, Philadelphia, PA, Philip W. Newcomer, Office of the Montgomery County Solicitor's Office, Norristown, PA, for Defendants.

## MEMORANDUM AND ORDER

JOHN E. JONES III, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before this Court is an Appeal of United States Magistrate Judge Blewitt's ("Magistrate Judge Blewitt" or "Magistrate Judge") August 28, 2007 Order ("the Appeal") (doc. 354), filed by Thomas Jay Ellis, Esq. ("Mr.Ellis"), and Montgomery County Commissioner James R. Matthews ("Mr.Matthews") on September 12, 2007.[1] (Rec.Doc.356). For the reasons that follow, the Appeal shall be granted. We will reverse the learned Magistrate Judge's Order (doc. 354) denying of the Motion to Disqualify Plaintiff's Counsel from Conducting the Depositions of Mr. Ellis and Mr. Matthews (doc. 336), and we will grant the Motion.

### FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On April 1, 2005, Plaintiff, Municipal Revenue Services, Inc. ("Plaintiff" or "MRS"), commenced this action by filing a Complaint in the United States District Court for the Middle District of Pennsylvania. (Rec.Doc.1). Notably, following the granting of leave by this Court, on October 17, 2005, an Amended Complaint was filed. (Rec.Doc.69). Therein, Plaintiff alleges several claims against Defendants, Xspand, Inc., and Bear, Stearns & Co., Inc. (collectively, "Defendants"): 1) violations of the Lanham Act; 2) unfair competition; 3) defamation; 4) commercial disparagement; and 5) tortious interference with prospective contractual relations. *Id.*

All of Plaintiff's claims arise out of an unanimous 2005 vote by the Montgomery County Board of Commissioners[2] ("the Board") to enter into a contract with Xspand, Inc. ("Xspand"), to privatize the operations of the Montgomery County Tax Claim Bureau for a period of four (4) years. (*See* Rec. Doc. 356–2, Exh. I). The contract was subsequently entered, and Xspand presently conducts the functions of the Montgomery County Tax Claim Bureau.

During the discovery phase of this litigation, the numerousity and depth of discovery disputes among the parties prompted this Court to refer this action, during the pendency of discovery, to the able hands of Magistrate Judge Blewitt. (*See* Rec. Doc. 112).

According to Plaintiff's counsel in the briefing on the instant Appeal, some of the documents that Magistrate Judge Blewitt ordered disclosed have revealed:

> a pattern of illegal misconduct by Matthews and Ellis, including, inter alia, violating the States Ethics Act, 65 Pa. C.S. §§ 1101–1113 by leaking confidential, non-public information to Defendants and their agents and lobbyists (Mark Schweiker, Gregg Melinson and others who will be identified in the Matthews' and Ellis' depositions ), to assist Defendants' 'dirty tricks' campaign to unfairly compete with MRS, to mischaracterize MRS' products and services, and to tortiously interfere with its contractual and business opportunities, including in the Borough of Norristown.

---

1.  As will be discussed more comprehensively below, at the time the Appeal was filed, Mr. Ellis and Mr. Matthews were both Montgomery County Commissioners. However, during the pendency of this Appeal, an election for Montgomery County Commissioners occurred, and now Mr. Ellis is no longer a County Commissioner. Mr. Matthews remains a County Commissioner, and, in fact, is the current Chair of the Board of Commissioners.

2.  At the time of the 2005 vote, the Board was comprised of Mr. Matthews, Mr. Ellis, and Ms. Damsker.

(Rec. Doc. 366 at 5 (emphasis added)). Thus, "on March 7, 2007, MRS issued subpoenas to Matthews and Ellis out of the United States District Court for the Eastern District of Pennsylvania." *Id.*

Mr. Ellis and Mr. Matthews subsequently filed a Motion to Quash said subpoenas in the Eastern District of Pennsylvania, and on June 27, 2007, after holding a proceeding thereon, the Honorable Thomas M. Golden denied the Motion to Quash. *Id.* at 6–7. Notably, *without reaching the issue presently pending before us,* Judge Golden noted during argument that, " 'I, in my mind, think you have an appearance of a conflict' " (doc. 357 at 15–16 (quoting the transcript from the June 14, 2007 proceeding)) and indicated, in his Memorandum and Order denying the Motion to Quash, "the Court believes that Montco raises valid conflict of interest issues, and should have the right to litigate the same in the proper forum" (doc. 366–3, exh. A at 3).

Thus, on July 6, 2007, Mr. Ellis and Mr. Matthews filed the Motion to Disqualify Plaintiff's Counsel from Conducting the Depositions of Mr. Ellis and Mr. Matthews ("the Motion") underlying this Appeal. (Rec.Doc.336). Following briefing and argument on the same, on August 28, 2007, Magistrate Judge Blewitt issued a Memorandum and Order denying the Motion. (Rec.Doc.354).

On September 12, 2007, Mr. Ellis and Mr. Matthews appealed to this Court the August 28, 2007 Memorandum and Order. (Rec.Doc.356). As a matter of course, briefing [3] on the Appeal followed (*see* docs. 357, 358, 359, 366, 373).

As outlined, however, in supplemental briefing (*see* docs. 375, 380), prior to our disposition of the Appeal, an election occurred in November of 2007, and as of January 7, 2008, Mr. Ellis is no longer a Montgomery County Commissioner.[4] Montgomery County's Board of Commissioners is currently made up of Mr. Matthews, Mr. Joseph Hoeffel ("Mr.Hoeffel"), and Mr. Bruce Castor, Esq. ("Mr.Castor").[5]

The Appeal is ripe for our review.

### STANDARD OF REVIEW:

A district court may overturn a magistrate judge's order on a non-dispositive issue "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed.R.Civ.P. 72; *Peretz v. United States,* 501 U.S. 923, 944, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991); *Nat'l Labor Relations Bd. v. Frazier,* 966 F.2d 812, 816 (3d Cir.1992).

### DISCUSSION:

■ In his August 28, 2007 Memorandum and Order, Magistrate Judge Blewitt

---

3. Among the briefs was one submitted by an *amicus curiae,* the County Commissioners Association of Pennsylvania.

4. Plaintiff's supplemental brief (doc. 375) intimated that the instant Appeal is moot as a result of Mr. Ellis's absence from the Board. In light of Plaintiff's supplemental brief, we issued an Order (doc. 376) directing Appellants' counsel to certify their view of the same, and following our thorough consideration of all submissions currently before us, for the reasons outlined below, we disagree with Plaintiff's contention that the Appeal is moot.

5. As brought to our attention by Plaintiff's counsel, a somewhat unexpected alliance between Mr. Matthews, a Republican, and Mr. Hoeffel, a Democrat, has rendered Mr. Matthews the Chair of the Board and Mr. Hoeffel the Vice Chair of the Board. (*See* Rec. Doc. 375–2, Exhs. B, C, D, E (articles from Potts-Merc.com, philly.com, Montgomery Life, and philly.com, respectively)).

We are likewise aware that Mr. Castor, Mr. Matthews's running mate, remains on the Board and is now also a member of the same firm as Plaintiff's counsel. (*See* http://www.elliottgreenleaf.com/Dec2007–1.html).

found that Plaintiff's counsel, Elliott Greenleaf & Siedzikowski, P.C. ("Elliott Greenleaf"), also represents the Montgomery County Correctional Facility ("MCCF"), its staff, *and Montgomery County*[6] in 42 U.S.C. § 1983 (" § 1983") suits arising out of inmates' medical treatment at MCCF. (*See* Rec. Doc. 354 at 8). However, the Magistrate Judge went on to distinguish Mr. Ellis and Mr. Matthews, both Montgomery County Commissioners at the time of the Magistrate Judge's decision, from the County itself, and, thus, to conclude that Elliott Greenleaf did not represent either Mr. Ellis or Mr. Matthews. As a result, the Magistrate Judge held that Rule 1.7 of the Rules of Professional Conduct ("Rule 1.7") would not be violated by Elliott Greenleaf's deposing of Mr. Ellis and Mr. Matthews as to the subject matter of this litigation. *See* Pa. R.P.C. 1.7.

In their Appeal, Mr. Matthews and Mr. Ellis (collectively, "Appellants") contend that the Magistrate Judge's distinction between Montgomery County and its Commissioners ignores Pennsylvania law as to county governance. Specifically, Appellants argue that because Montgomery County is governed generally by Pennsylvania's Second Class County Code ("Second Class County Code"), 16 P.S. § 3101, *et seq.*, Montgomery County's Commissioners are essentially Montgomery County personified. Accordingly, Appellants assert that Elliott Greenleaf "cannot represent the County in litigation (as the Magistrate Judge properly found it does) while denying the existence of an attorney-client relationship with the County Commissioners, who, as a matter of statutory law, are vested with the power to sue or be sued in the name of the County." (Rec. Doc. 357

at 11). Appellants support this assertion by noting that Elliott Greenleaf has made it clear that their depositions will be hostile (*see, e.g.,* doc. 366 at 5) and by arguing that, therefore, Elliott Greenleaf's deposition of them in this matter would violate Rule 1.7. Thus, Appellants request that this Court reverse the Magistrate Judge's Order (doc. 354) and grant their Motion (doc. 336) seeking Elliott Greenleaf's disqualification from the taking of their depositions.

In response, MRS initially argues that the instant Appeal is "yet another blatantly political ploy to postpone their depositions, and accountability to the federal courts, to Plaintiff and to the taxpayers of Montgomery County until after the November 6, 2007 election." (Rec. Doc. 366 at 4). Indeed, MRS asserts that Appellants' arguments as to disqualification are "factually contrived and legally deficient." *Id.* at 12 (emphasis omitted). Relying upon the fact that neither Mr. Matthews nor Mr. Ellis were ever named Defendants in any of the actions in which Elliott Greenleaf represented Montgomery County, and upon the fact that they are not named Defendants in the action pending before this Court, MRS argues that no concurrent representation exists under Rule 1.7. Thus, MRS requests that this Court affirm the Magistrate Judge's Memorandum and Order denying the Motion to disqualify Elliott Greenleaf from conducting the depositions at issue.

Notably, because as of January 7, 2008, Mr. Ellis is no longer a Montgomery County Commissioner, MRS also seeks to have this Appeal denied on the ground that it is moot because: 1) as to Mr. Ellis,

---

**6.** Notably, MRS neither appealed the Magistrate Judge's conclusion that Elliott Greenleaf represents Montgomery County nor argued to the contrary in its submissions related to the Appeal pending before us. Even assuming *arguendo* that this issue were properly before

us and disputed, our review of the Magistrate Judge's discussion and the record in this matter leads this Court to heartily agree that Elliott Greenleaf represents Montgomery County. (*See* Rec. Docs. 354; 357 at 8–10; 373 at 7).

he is not a County Commissioner; and 2) as to Mr. Matthews, he and Mr. Ellis no longer constitute a majority of the Board of Commissioners. (Rec.Doc.375). However, counsel for Appellants have certified that they disagree with MRS's contentions as to mootness. (Rec.Doc.380).

As the Magistrate Judge and the parties recognize, the Court of Appeals for the Third Circuit has provided substantial guidance on the general question of when disqualification of counsel is appropriate. Indeed, as a precursor to our analysis herein, we note that the Third Circuit has indicated that "[t]he district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir.1980). However,

> [a] court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions.

*Id.* Thus, "disqualification is never automatic." *Id.*

In considering whether disqualification is warranted, the Third Circuit has noted that "plaintiffs do not have an absolute right to retain particular counsel," and also "held that a court may disqualify an attorney for failing to avoid even the appearance of impropriety." *Int'l Bus. Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978). As to disqualification when there is an appearance of impropriety, the Third Circuit reasoned that:

> An attorney who fails to observe his obligation of undivided loyalty to his client injures his profession and de-

means it in the eyes of the public. The maintenance of the integrity of the legal profession and its high standing in the community are important additional factors to be considered. . . .

*Id.* As if to reiterate its point, the Third Circuit recognized that other Circuits have "gone so far as to suggest that doubts as to the existence of an asserted conflict of interest should be resolved in favor of disqualification." *Id.* (citations omitted).

More recently, a venerable colleague on this Court disqualified an attorney based upon the appearance of impropriety. In *Simms v. Exeter Architectural Prods.*, 868 F.Supp. 668 (M.D.Pa.1994), the Honorable Richard P. Conaboy remarked:

> In short, we are concerned about the public's perception. To this end, a court "must consider what it believes to be the view of the average layman—someone not familiar with the professional standards." *Price v. Admiral Ins. Co.*, 481 F.Supp. 374 (E.D.Pa.1979). Although there is room to interpret and even manipulate the language of the Rules of Professional Responsibility, it seems highly unlikely that a common man, when exposed to a brief synopsis of this case, would have difficulty determining that there was an inference of impropriety. We are very much concerned about the appearance of impropriety. This concern is necessary if we are to safeguard the integrity of our legal system. And indeed, integrity is the life blood of our system.

*Id.* at 676. Although we recognize that the facts of *Simms* are divergent from those presented here, the Rule of Professional Conduct at issue in both cases is the same. Thus, we find Judge Conaboy's concerns as to the ramifications of an appearance of impropriety in the context of potential conflicts of interest to be entirely valid.

Logically, we turn, then, to the Rule of Professional Conduct at issue, Rule 1.7,

which has been adopted by this Court in Local Rule 83.23.2. Rule 1.7 states, in relevant part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be *directly adverse* to another client; or (2) there is a significant risk that the representation of one or more clients will be *materially limited* by the lawyer's responsibilities to another client, a former client or to a third person or by a personal interest of the lawyer.

Pa. R.P.C. 1.7(a).[7] Notably, as Appellants' counsel contend, Comment 6[8] to Rule 1.7 dispels several of Plaintiff's arguments against disqualification, most notably: 1) the unrelated subject matters of this suit and Montgomery County's prisoner litigation; and 2) the fact that neither Montgomery County nor Appellants are parties to this action. *See* Pa. R.P.C. 1.7, Explanatory Comment 6.

Turning to application of these principles to the facts presented here, and cognizant of the applicable standard of review, we conclude that disqualifying Elliott Greenleaf from conducting the depositions of Mr. Matthews and Mr. Ellis is appropriate and, in fact, necessary for two (2) reasons.

First, we find that Elliot Greenleaf's deposition of the current Chair of Montgomery County's Board and a former Commissioner, as to events that occurred while both were Commissioners and that are related to the execution of their duties as the same, in spite of Elliott Greenleaf's continued representation of Montgomery County in prisoner litigation, appears to violate the letter, and most certainly the spirit, of Rule 1.7 of the Professional Rules of Conduct. We so find because it appears undisputed that Pennsylvania's Second Class County Code applies to Montgomery County, and that it affords the County the capacity to sue and be sued while vesting the authority to do so in the Board of Commissioners.[9] *See* 16 P.S. §§ 3202,

**7.** MRS has not argued that informed consent, one of the requirements of the exception outlined in Rule 1.7(b), was obtained. Further, counsel for Appellants appear to confirm that no such consent has been afforded: "the Commissioners have never permitted the Elliott law firm to take positions adverse to them in the past, and they are not about to do so now." (Rec. Doc. 373 at 8 n. 3). Accordingly, Rule 1.7(b)'s exception is not applicable here.

**8.** Comment 6 states:

Loyalty to a current client prohibits undertaking representation adverse to that client without that client's informed consent. Thus, absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, *even when the matters are wholly unrelated.* The client to whom the representation is directly adverse is likely to feel betrayed, and the resulting damage to the client-lawyer relationship is likely to impair

the lawyer's ability to represent the client effectively. In addition, the client on whose behalf the representation is undertaken reasonably may fear that the lawyer will pursue that client's case less effectively out of deference to the other client, i.e., that the representation may be materially limited by the lawyer's interest in retaining the current client. Similarly, *a directly adverse conflict may arise when a lawyer is required to cross-examine a client who appears as a witness in a lawsuit involving another client* . . . .

Pa. R.P.C. 1.7, Explanatory Comment 6 (emphasis added).

**9.** We recognize that Plaintiff's argument that Mr. Matthews and Mr. Ellis are not "the Board." However, given that they are or were integral parts thereof, we think to find that Elliott Greenleaf's duties are owed only to "the Board," but not to the individual Commissioners, is putting too fine a point on this issue.

3203. Thus, although application of these convoluted circumstances to Rule 1.7 is somewhat the professional ethics equivalent of three dimensional chess, we think that the bottom line for our purposes is that because "the County" is an abstraction, the Commissioners are, in essence, the County personified. In short, for the reasons stated above, we find the dichotomy that Elliott Greenleaf tries to draw between the County and its Commissioners to be a false one.

Accordingly, the duty of loyalty owed to the County extends to its Commissioners, and that duty is ostensibly breached when the attorney representing the County, albeit in unrelated matter, nevertheless seeks to drag through the proverbial mud the County's Commissioners, and, with them, at least by implication, the County.[10] Indeed, pressing allegations that the County's administrators have performed their duties unethically, or even illegally (*see* doc. 366 at 5), is quite clearly adverse to the County itself. Additionally, the apparent breakdown in communication between Elliott Greenleaf and the County solicitor with regard to the state of the prisoner litigation suits certainly suggests

that despite the firm's apparently zealous *defense* of the suits, its *representation*[11] of the County is materially limited by the firm's failure to communicate with its client. Moreover, because we can envision circumstances [12] in which contact between Elliott Greenleaf and the County would not only be prudent, but in fact, unavoidable, we are cognizant that should we allow Elliott Greenleaf [13] to proceed with these depositions, we would necessarily be permitting the attorney involved and the firm to at least potentially expose themselves to disciplinary action.[14]

Further, as Plaintiff's arguments regarding mootness are necessarily based on a strict application of Rule 1.7, we note at this juncture that we have not found this Appeal to be moot for the following reasons.[15] First, as to Mr. Matthews's deposition, we note that he remains on the Board, and is, in fact, its current Chair. Moreover, cognizant that it takes a majority of the Board to act, we note that despite the fact that Mr. Matthews and Mr. Ellis no longer constitute a majority of the Board, Mr. Matthews and Mr. Hoeffel's unexpected alliance at least appears to render Mr. Matthews among the *de facto* majority of the Board.[16] Thus, we also do

---

10. We note that the extremely adversarial nature of the prospective depositions, in which Appellants no longer contest that they are required to participate, and that the fact that the substance of the depositions go to the execution of their duties as Commissioners, render the "car accident" analogy offered by Plaintiff's counsel inapt.

11. We agree with Appellants' argument that although the results of representation are certainly important, the quality of representation is measured by more than just results.

12. Such circumstances may include those in which insurance coverage is denied or the amount of liability exceeds coverage limits.

13. *See* Pa. R.P.C. 1.10.

14. Of course, we recognize and assume that no such ethical violation is the intent of anyone at Elliott Greenleaf.

15. We appreciate Appellants' counsel providing such a comprehensive analysis in response to our request for their certification of the mootness issues, and we rely upon the same herein.

16. We note that Mr. Castor's joining of Elliott Greenleaf and the amply documented, apparent discord between him and former running mate Mr. Matthews simply adds an additional dimension to this already complex ethical issue. In a vacuum, this strife would be of little note other than to those who follow the political scene. And, we assume that the firm has appropriately "firewalled" Mr. Castor from this litigation. However, it seems impossible to controvert that Mr. Castor's affiliation with Elliot Greenleaf serves to enhance the *appearance* of a conflict relative to the matter *sub judice,* even if it does not cause a violation of the letter of Rule 1.7.

not find Mr. Ellis's absence from the Board to render disqualification as to Mr. Matthews moot. Second, as to Mr. Ellis's deposition, we find that his absence from the Board does not render the issue of disqualification moot because the County remains a client of Elliott Greenleaf, and Elliott Greenleaf's proclaimed purpose of exploring "a pattern of illegal misconduct by Matthews and Ellis" (doc. 366 at 5) undoubtedly remains adverse to the County's interests. Additionally, because the County has an obligation under 42 Pa.C.S. §§ 8547 and 8548 to defend and indemnify Mr. Ellis in actions arising from his acts taken during the scope and duties as a Commissioner, Mr. Ellis's absence from the Board does not render this issue moot.

Second, we find that Elliot Greenleaf's deposition of Appellants, in spite of Elliott Greenleaf's representation of Montgomery County in prisoner litigation, would raise a very real appearance of impropriety, and that the same is another justification for the granting of this Appeal and the underlying Motion. *See Levin,* 579 F.2d at 283; *Simms,* 868 F.Supp. 668. *See also United States v. Voigt,* 89 F.3d 1050, 1076 n. 12 (3d Cir.1996) (noting that disqualification of counsel "need not be, and in this case was not, predicated on a finding of a specific RPC violation."). Indeed, our review of the facts of this action lead us to conclude that when we cast aside all of Plaintiff's counsel's hyperbolic and vituperative rhetoric, which undoubtedly has clouded the issues before us, we see that Plaintiff's counsel has faced a Hobbesian choice: 1) relinquish an apparently lucrative contract defending Montgomery County in prisoner suits; or 2) decline to participate in the depositions of Mr. Matthews and Mr. Ellis, which based on all of the submissions before us are assuredly going to be incredibly hostile, adversarial interactions designed to help prove that something nefarious took place in part because of the Commissioners' acts.[17]

By refusing to make the choice, Plaintiff's counsel have put this Court to the unenviable task of rendering the decision that they have refused to make. Indeed, part of our task is to save otherwise competent and zealous counsel from themselves. Elliot Greenleaf may at first blush consider that reference to be patronizing. It is not. Rather, we believe that to allow the firm to conduct these depositions would not only violate Rule 1.7, but necessarily expose it to a myriad of unsavory professional risks as well. Moreover, we think the public would find profoundly disconcerting the factual milieu with which we are presented. For that reason as well, preservation of our profession's integrity requires disqualification of Elliott Greenleaf from the depositions at issue.

## CONCLUSION:

For all of the aforestated reasons, we will grant the Appeal, reverse the learned Magistrate Judge's August 28, 2007 Order, and grant the underlying Motion. Elliott Greenleaf shall be disqualified from conducting Appellants' depositions.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Appeal (doc. 356) of Magistrate Judge Blewitt's August 28, 2007 Order is **GRANTED.**

2. The learned Magistrate Judge's August 28, 2007 Order (doc. 354) is **REVERSED.**

3. The Motion to Disqualify Plaintiff's Counsel from Conducting the Depositions of Mr. Ellis and Mr. Matthews (doc. 336) is **GRANTED.**

---

**17.** For the record, we note that disqualification as to these depositions is the only relief sought in the underlying Motion, and, accordingly, is the limited scope of our inquiry here.

4. Elliott Greenleaf & Siedzikowski, P.C. is **DISQUALIFIED** from conducting the depositions of Mr. Matthews and Mr. Ellis.

5. This case is **REMANDED** to Magistrate Judge Blewitt for further proceedings.